No. 20,230.

FINANCE ACCEPTANCE CO. *v*. GEORGE L. DUNHILL.

(387 P. [2d] 407)

Decided November 4, 1963.     Rehearing denied December 30, 1963.

Mr. RICHARD M. HUCKEBY, for plaintiff in error.

Mr. JOHN T. DUGAN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as in the trial court.

We refer to plaintiff in error as plaintiff and to the defendant in error as Dunhill.

Plaintiff commenced this action on April 26, 1960, and in its complaint alleges that (1) on August 25, 1959, Dunhill and one Carsrud made and delivered to the Kerr Motor Company their promissory note for the principal sum of $2129.28 payable in monthly installments; (2) that the plaintiff is the holder of said note in due

course, and (3) that there is due thereon $1733.94. A copy of the note is attached to the complaint.

Dunhill, on November 2, 1960, filed his answer and cross-complaint. In his answer he denied each allegation in plaintiff's complaint. His cross-complaint was stricken, thus leaving as the only issues to be determined the allegations of the complaint.

In the record appears a PRE-TRIAL ORDER of very dubious value. Therein it is provided:

"7. The following issues of law, and no others, remain to be litigated at the trial:

"a. The plaintiff's corporate status.

"b. Whether the length of time plaintiff held the security after repossession diminishes or relieves defendands' [sic] liability for the unpaid balance, and whether there was a proper legal foreclosure of the Buick automobile.

"c. The nature of the document appended to the complaint as Exhibit 'A.' "

With reference to (b) above, we observe that there has been injected into the case an issue that is entirely foreign to the pleadings. With reference to (c) another issue is involved. The document appended is nothing more nor less than a negotiable promissory note; no one does or could contend otherwise. Thus it appears that the pretrial has not served to simplify the issues, but has created new issues and ignored the issues as made by the pleadings.

Trial was to a jury. The note was admitted in evidence and testimony given as to the amount remaining due and unpaid after giving credit for the first monthly payment of $68.72 made by Carsrud on September 25, 1959; unearned insurance premiums refunded October 23, 1959, on cancellation of insurance on the car purchased by Carsrud; $91.00 credited December 3, 1959, from a reserve account set-up; $750.00 credited April 27, 1960, being the amount received from sale of the repossessed automobile, and a credit of $127.55 in January of 1962,

derived from garnishee proceedings against Carsrud, leaving a balance due of $805.35.

Mr. Martin, plaintiff's manager and the only witness to testify, was subjected to extensive cross-examination dealing with plaintiff's actions in taking possession of the car, getting title thereto, cleaning it up so that it might be sold, and on many other irrelevant matters.

At the close of the testimony Dunhill moved for a judgment of dismissal. This was denied, whereupon Dunhill rested. Plaintiff then moved for a directed verdict. This was denied. On further consideration the trial court discharged the jury, granted Dunhill's motion for dismissal, and entered judgment in favor of Dunhill and against plaintiff, and assessed the costs against plaintiff.

The plaintiff is here by writ of error seeking reversal.

■ Only one witness testified — Mr. Martin, the vice-president and manager of the plaintiff. His testimony amply supported every allegation of plaintiff's complaint, except as to the allegation in the complaint that there was due on said note $1733.94, and with reference to that his testimony was to the effect that the balance due was $805.35.

In his testimony Martin gave in detail credits that were due the defendant Carsrud by reason of the plaintiff having repossessed and disposed of the mortgaged car, and also a credit of $127.55, "the result of a garnishment of funds on Mr. Carsrud." After giving all credits due, Martin testified that there was an unpaid balance on the note of $805.35.

There is not one word of testimony in the record contrary to that of Martin, nor is there anything in the record to cast any doubt on the correctness of his testimony. Dunhill has not pleaded partial or full payment of the indebtedness evidenced by the note.

We find nothing in the record to justify the action of the trial judge in dismissing plaintiff's complaint — in

so doing he necessarily disregarded the pleadings and the proof.

Plaintiff's motion for a directed verdict for $805.35 should have been sustained.

The judgment is reversed and the cause remanded to the trial court with directions to enter judgment in favor of plaintiff and against Dunhill in the amount of $805.35, nunc pro tunc as of the date of trial, January 10, 1962, and to assess all costs here and in the trial court against Dunhill.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE DAY concur.